quire the recognition and enforcement of this bond are very strong. In consideration of its being given to her, the plaintiff abandoned her action in this state against the defendant, in which, if successful, she could have obtained alimony for the support of herself and her infant child. She also permitted a default to be taken against her in the action brought against her in North Dakota, by which she relieved her husband of all liability for her support and maintenance, except as therein provided. Under it she has subjected herself to the burden of supporting, not only herself, but the infant child. By the terms of the agreement entered into, the defendant has been relieved from his common-law liability to support his wife and child.

The defendant asserts that the decree of the court in North Dakota, providing for the payment of a weekly sum to the plaintiff, cannot be enforced in this state; that it is not in that respect a final decree, but is one that may be modified or entirely revoked. This contention is probably correct, and, if so, makes the equitable claim for the enforcement of the bond still stronger. This court, having both legal and equitable powers, and having jurisdiction of both parties, will give such relief as the facts warrant, whether that relief be of a legal or equitable nature.

The plaintiff is entitled to judgment pursuant to the decision this day filed, and judgment may be entered accordingly.

Judgment for plaintiff.

---

(75 App. Div. 83.)

### BEYER v. SIGEL.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. SHERIFF—SALE OF ATTACHED PROPERTY—TAKING VOTE—ACTION AGAINST OFFICER—LIMITATIONS.

Code Civ. Proc. § 656, enacts that if property attached is perishable it may be sold under order of the court, and that the sheriff must retain in his hands the proceeds of sale. Section 385 bars, after one year, an action against a sheriff on a liability incurred by him in doing an act in his official capacity, or by the omission of an official duty, except "the nonpayment of money collected on an execution." A sheriff sold property under section 656, taking in part payment the note of the purchaser secured by a mortgage on the property. Plaintiff in attachment secured judgment entitling him to the proceeds of the sale. *Held*, that an action by plaintiff against the sheriff for the purchase price represented by the note was barred by the statute after one year.

Appeal from Cattaraugus county court.

Action by Frank A. Beyer against Henry Sigel, as sheriff of Cattaraugus county. Judgment for plaintiff. From an order granting a new trial, plaintiff appeals. Affirmed.

The following is the opinion of the court below (THRASHER, J.):

"Motion for a new trial upon the minutes after a verdict for the plaintiff. The defendant, Sigel, sheriff, by his deputy, Gilberds, levied an attachment upon lumber belonging to Green & Pickard. That attachment was in an action pending in the supreme court, and the parties stipulated that an order be made that the property be sold as perishable, as provided in section 656 of the Code of Civil Procedure. Such an order was made, and, pursuant to its requirements the sheriff's deputy did sell the property. A portion of it was sold to one George Pickard April 30, 1897, who did not pay cash for it.

It remained in the deputy's possession till July 15, 1897, when it was delivered to the purchaser, the deputy taking the purchaser's note on time, secured by a chattel mortgage on the property sold. Before the note and mortgage matured, and on September 18, 1897, the property was destroyed by fire. The action in which the attachment was issued resulted in a judgment for the plaintiff, Beyer, August 30, 1898, entitling him to the proceeds of the attached property. It is conceded that all the money which was ever actually received by the sheriff or his deputy of the purchase price of the attached property was, before the commencement of this action, paid to the plaintiff. This action was begun April 9, 1900, and in form is an action for money had and received, to recover of the sheriff the balance unpaid of the purchase price agreed to be paid by George Pickard, to secure which said note and mortgage was given. By the pleadings two issues were presented, —one a question of fact, that the giving of time to Pickard upon his note and mortgage was with the assent or by the direction of Beyer, the plaintiff; and the other a question of law, that the claim was barred by the one year statute of limitations (section 385, Code Civ. Proc.). The cause was tried at the Cattaraugus county court in March, 1901, and the jury rendered a verdict for the plaintiff upon the question of fact submitted. The consideration and determination of the legal question was reserved. Upon the defendant's motion for a new trial, the single question is presented whether this cause of action is within the one-year limitation provided by section 385 of the Code of Civil Procedure. No other question is urged upon the argument, and no other suggested or discussed.

"The statute bars, after one year, 'an action against a sheriff or coroner, upon a liability incurred by him, by doing an act in his official capacity, or by the omission of an official duty, except the nonpayment of money collected upon an execution.' The verdict has established that the act of the deputy in giving time to Pickard to pay for the property was wholly without authority from Beyer, and it is the plaintiff's contention that, the deputy having given this time, he made the matter his own individually, and that he stands in precisely the same relation to the plaintiff as though he had in all respects obeyed the law and the order of the court, and received and kept the proceeds in his hands, now refusing to pay it over, and that in that situation the sheriff could not successfully invoke the statute quoted after the lapse of one year from the time when the plaintiff became entitled to demand and receive the proceeds of the sale. On the other hand, the defendant contends that his deputy was guilty of a violation of his official duty in selling the property on credit, or rather of an omission of an official duty in not selling it for cash and ultimately paying over the proceeds, and that his liability springs directly from such misfeasance, so that, within the plain wording of the law, the action against him is barred after the lapse of one year. The proper solution of this question depends upon the construction to be given to the section of the Code quoted as applicable to the facts here, it being conceded that the action was not begun within one year from the time when the cause of action accrued. The defendant, Sigel, is sought to be made liable as sheriff for the act or omission of his deputy, and he cannot be liable otherwise than by reason of that relation, because personally he had no knowledge of and no connection with the transaction out of which the cause of action arose, and, if he is to be charged, it must be because Gilberds, his deputy, has incurred the liability by doing some act in his official capacity or omitting some official duty. There can be no question but that such liability was incurred, or that the action could be maintained against Sigel, if seasonably brought; the question is whether the liability springs from the doing of an official act or the omission of an official duty, so that the statute is a bar. If the defendant, Sigel, had actually received the money, or what is equivalent to it, as perhaps Gilberds did in this case, or if Gilberds personally was defendant instead of Sigel, I think a different question would be presented, and within the principle discussed and applied in the case of Elliott v. Cronk's Adm'rs, 13 Wend. 35, and Adams v. Bowe, 3 Civ. Proc. R. 191. An action for money had which would rest upon a contract relation rather than misfeasance or malfeasance of the officer might be supported, and the bar of the statute avoided; but here the situation is

not that.   The sheriff is not liable for the acts or omissions of his deputy, except such acts or omissions on which rest the liability arise out of the relation of sheriff and deputy, and the bar of the statute applies unless the case can be brought within the exception stated in the statute, 'the non-payment of money collected upon an execution.'   The plain language of the exception excludes therefrom the case here.   Even if it may be said that, as between the plaintiff and the sheriff, the sheriff must be held to the same accountability as though Gilberds actually collected the money and refused to pay it over, then the action is not for 'the nonpayment of money collected upon an execution.'   There was no execution; the default was before there was any judgment; the liability arose out of a different state of facts, and so far different that it ought not to be held that the sheriff is in the same situation as though money had been collected by his deputy upon an execution.   It would mean a virtual repeal of the statute to hold otherwise.   The verdict must be set aside, and a new trial granted."

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

G. W. Cole, for appellant.
James H. Waring, for respondent.

PER CURIAM.   Order affirmed, with $10 costs and disbursements, upon the opinion of THRASHER, County Judge.

---

## VILLAGE OF SARATOGA SPRINGS v. VAN NORDER.

(Supreme Court, Appellate Division, Third Department.   September 3, 1902.)

1. VILLAGE OFFICERS—APPOINTMENT BY LEGISLATURE.
    Laws 1901, c. 178, providing for the consolidation into one board of the then existing sewer and water commission and board of street commissioners of the village of Saratoga Springs, and naming certain persons as commissioners for the first year, is in violation of Const. art. 10, § 2, which provides that all city, town, or village officers whose election or appointment is not provided for by the constitution shall be elected by the electors thereof, or appointed by such authorities thereof as the legislature shall designate.

2. STATUTES—PARTIAL INVALIDITY—EFFECT.
    Laws 1901, c. 178, § 6, which amends the city charter of the village of Saratoga Springs by requiring the commissioners to purchase a suitable plat of land for a hackstand, being invalid on account of the illegality of the designation of the commissioners, section 7, making it unlawful for any hackman to drive through the streets soliciting patronage, is also invalid, as the provision for a stand was intended as a compensation and inducement to the restriction placed upon the vocation.

Appeal from special term, Saratoga county.
Nelson J. Van Norder was convicted of violating a city ordinance, and appeals from the judgment and an order denying a motion for a new trial.   Reversed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

T. F. Hamilton, for appellant.
Charles C. Lester, for respondent.

SMITH, J.   Defendant has been charged by the judgment with two penalties amounting to $50 for driving through the streets of Sara-